**DENNIS, INC., a Colorado Corporation, d/b/a My Sweet Lass, Plaintiff–Appellant,**

v.

**OFFICE OF The DIRECTOR OF EXCISE AND LICENSES for The City and County of Denver, Colorado, Defendant–Appellee.**

**No. 79CA1140.**

Colorado Court of Appeals, Div. I.

Sept. 11, 1980.

Rehearing Denied Oct. 2, 1980.

Tinkler & Carwin, Stephen E. Tinkler, Denver, for plaintiff–appellant.

Max P. Zall, City Atty., Lee G. Rallis, Asst. City Atty., Denver, for defendant–appellee.

KIRSHBAUM, Judge.

Plaintiff appeals the trial court judgment in a C.R.C.P. 106 proceeding affirming a decision of the Director of Excise and Licenses of the City and County of Denver temporarily suspending plaintiff's fermented malt beverage license for serving beer to a minor in violation of § 12–46–112(1)(b), C.R.S. 1973 (1978 Repl. Vol. 5). We reverse.

The following facts pertinent to the Director's decision are established by the record. On January 9, 1979, a Denver police officer entered plaintiff's 3.2 beer establishment and observed a young woman seated at a table who, it was later established, was under 18 years of age. A partly–filled glass and a pitcher of beer rested in front of her.

At the suspension hearing held April 12, 1979, the officer testified to the foregoing observations. The record contains the following colloquy which occurred between the prosecuting attorney and the minor at the hearing:

"Q And were you served any beer this evening?

A I had a pitcher and I poured it and then I went to the bathroom but I didn't drink any.

Q How many persons were there with you?

A Three.

Q Three?

A Two.

Q You had how many glasses or cups?

A Three.

Q Three cups?

A Uh–huh.

Q One for each of you?

A Yes.

Q You had one?

A Uh–huh.

Q Was it your intention to drink beer that evening?

A Uh–huh."

No other evidence was presented relative to the presence of the beer on the table at which the minor was seated.

On this evidence, the hearing officer concluded that plaintiff had served beer to the minor, in violation of § 12–46–112(1)(b), C.R.S. 1973 (1978 Repl. Vol. 5), and the Director based his decision to suspend plaintiff's license on that conclusion. However, the hearing officer did not conclude who, if anyone, served the beer to the minor, and the record contains no evidence to support any finding with respect to that critical fact. The minor's testimony established only that she "had" a pitcher of beer. In the absence of any competent evidence to support a conclusion that some agent of plaintiff either served beer to the minor or permitted the beer to be served to her, the Director's decision constitutes an abuse of discretion and must be reversed. See Putnam v. Trustees of Police Pension Board, 170 Colo. 278, 460 P.2d 778 (1969).

The judgment is reversed and the cause is remanded with directions to enter judgment setting aside the suspension of plaintiff's license.

COYTE and VAN CISE, JJ., concur.